**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Torrey Deaund Manning, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-000548

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2020-UP-074
Submitted January 1, 2020 – Filed March 18, 2020

---

**AFFIRMED**

---

Torrey Deaund Manning, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** Torrey Deaund Manning appeals the decision of the Administrative Law Court (ALC) affirming the South Carolina Department of Corrections' (SCDC) decision classifying him as a Class B felon who must serve eighty-five percent of the total sentence imposed. On appeal, Manning argues (1) the ALC erred in denying his motion for summary judgment in light of SCDC's failure to respond to his requests for admission, (2) sections 24-13-100 and 24-13-150 of the South Carolina Code (2007 & Supp. 2019) are unconstitutional as

applied to him, (3) SCDC denied him due process by applying the aforementioned code sections to his sentence, and (4) he should not be required to serve eighty-five percent of his sentence because he was not sentenced to the statutory maximum sentence for trafficking in illegal drugs. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue 1: The issues of Manning's motion for summary judgment and SCDC's failure to respond to requests for admission were not raised to and ruled upon by the ALC. *See Brown v. S.C. Dept. of Health and Evtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

2. As to issues 2 and 3: Manning's claims regarding alleged violations of his due process rights and the constitutionality of the statutes under which he was sentenced are not preserved for appellate review. *See id.* ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

3. As to issue 4: Manning's sentence was correctly calculated and properly classified as an eighty-five percent "no parole" offense. *See* S.C. Code Ann. § 44-53-370(e)(3) (2018) (defining the offense of "trafficking in illegal drugs"); S.C. Code Ann. § 44-53-370(e)(3)(a)(1) (2018) (detailing a person convicted of trafficking in illegal drugs must be sentenced to no less than seven years' imprisonment but no more than twenty-five years' imprisonment); S.C. Code Ann. § 16-1-90(B) (Supp. 2019) (providing trafficking in illegal drugs is a Class B felony); S.C. Code Ann. § 24-13-100 (2007) (providing Class B felonies are "no parole" offenses); S.C. Code Ann. § 24-13-150 (Supp. 2019) (providing persons convicted of "no parole" offenses are not eligible for early release or discharge until they have served at least eighty-five percent of the actual sentence imposed).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.